IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN RUST, CHARLES J. PALMER, PETER HOCHSTEIN, and STEVEN HARPER, | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:84CV712 |
| v. | ) ) | |
| FRANK GUNTER, Individually and as Director of Correctional Services, CHARLES BLACK, Individually and as warden of Nebraska State Penitentiary, CHARLES HOHENSTEIN, Individually and as Legal Aid Coordinator, JOHN P. SHAW, Individually and as Associate Warden, Programs, TERENCE B. CAMPBELL, Individually and as Legal Aid Coordinator, JOHN T. EGGERS, Individually and as Housing Unit Manager, MARIO PEART, Individually and as Unit Administrator, HAROLD W. CLARKE, Individually and as Associate Warden, Custody, GARY GRAMMER, Individually and as Warden of the Nebraska State Penitentiary, and FRED BRITTEN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON STATUS OF THE CASE |
| Defendants. | ) ) | |

At the end of the telephone conversation I had on January 20, 2011, with the lawyers now in the case I said I would try to get out that day an order reflecting what was decided. However, once I tried to do that I felt I should write a memorandum that would outline my version of the status of the case in broader terms. That has resulted in a delay, and I am sorry for that.

Upon the attorneys reading this, I am asking that they see whether it differs from what they have understood. If so, let me and other counsel know and we will work for clarification..

1.  The present proceedings began with the filing of Eric F. Vela and Jorge A. Galindo's Motion for Order of Contempt and Injunctive Relief, which then was superseded by their Amended Motion to Enforce Consent Decree, filing 95. That amended motion has been denied by my Memorandum and Order on Pending Motions, filing115, dated December 6, 2010, ending Vela and Galindo's claim that the consent decree should be enforced. John L. Lotter is an intervener, represented by Michael Wilson. There is no longer need to refer to Eric F. Vela and Jorge A. Galindo as parties, but they now join Lotter and the other inmates on death row as beneficiaries of any provision of a decree favorable to Lotter. Eric F. Vela and Jorge A. Galido, as well as all other inmates on death row, shall not be known as parties, unless application is made and receives approval of the court for joinder under Rule 20 or for intervention under Rule 24 of the Federal Rules of Civil Procedure. The interests of all inmates on death row, including Eric F. Vela and Jorge A. Galindo, shall be represented by Michael Wilson.

2.  The defendants have agreed that by reason of *stare decisis* any decree entered will be applicable to each death row inmate held at the Tecumseh facility at the time of the decree or thereafter.

3.  This action shall not proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure, unless so designated by order of the court.

4.  The Clerk shall assign this case to Magistrate Judge Cheryl Zwart for pretrial purposes, including discovery, scheduling and holding pretrial conference or conferences, settlement conference or conferences, and setting a trial date amenable to counsel.

5.  Discovery is expected to be completed within three months of the date of this order, subject to change, of course, by Magistrate Judge Zwart. Counsel may proceed with discovery as orally stated in our telephone call of January 20, 2011, until any change is made by Judge Zwart.

6.      Edward G. Warin of Kutak Rock LLP, appointed by my order of March 1, 2010, to represent Eric F. Vela and Jorge A. Galindo, is relieved of his appointment, but has volunteered to remain as advisory counsel to Michael Wilson as may be requested by Michael Wilson.  Matthew M. Enenbach has also appeared with Edward G. Warin for Eric F. Vela and Jorge A. Galindo. He similarly is relieved of representation of Vela and Galindo, except insofar as Mr. Warin's letter of January 17, 2011, appears to include Mr. Enenbach as a volunteer advisory counsel to Michael Wilson, as may be requested by Michael Wilson.  I understand that neither Mr. Warin nor Mr. Enenbach expect to receive any fee but do expect to be reimbursed for litigation expense through the Federal Practice Fund. That arrangement of voluntary service is approved by the court.

IT IS SO ORDERED AS CONTAINED IN THIS MEMORANDUM, subject only to approved suggestions by counsel, offered on or before February 10, 2011.

Dated February 1, 2011.

                         BY THE COURT

                         s/ Warren K. Urbom
                         United States Senior District Judge