IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN RUST, et al., | ) | 4:84CV712 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | DEATH ROW INMATES' MOTION |
| FRANK GUNTER, et al., | ) | FOR PROTECTIVE ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 11, 2012, the death row inmates filed a motion for a protective order. (ECF No. 134.) The death row inmates claimed that the defendants "intercepted, opened, and reviewed privileged communications sent [to them] by counsel" without good cause for doing so, and they asked that I enter an order "that both addresses the security concerns of the Defendants and bars them from further unreasonable interference with privileged correspondence sent between counsel and the [death row inmates]." (Mot. for Protective Order at 1-2, ECF No. 134. See also Inmates' Br., ECF No. 135; Inmates' Index, ECF No. 136.)

In response to the death row inmates' motion, the defendants offered explanations for the opening of some of the death row inmates' legal mail; identified a discrepancy between the Department of Correctional Services (DCS) Rules and Regulations and the administrative regulations concerning privileged inmate mail; noted that on January 12, 2012, DCS Director Robert Houston issued a directive to address this discrepancy; and explained that DCS's Rules and Regulations prohibit the reading of incoming mail–whether privileged or not–in the absence of clear and convincing evidence of a threat to the "safety, security, or good order of the

institution." (Def.'s Index, Ex. 1 at 5, ECF No. 141-1; see generally Defs.' Response Br., ECF No. 140; Def.'s Index, ECF No. 141.)

A hearing was held by telephone on February 1, 2012. (See ECF No. 143.) After this hearing, I noted that "[t]he exhibits now received in evidence show no inappropriate misuse of the mails at the Techumseh State Correctional Institution . . . with respect to the plaintiffs or any of them since the issuance of the January 12, 2012, clarification document by Director Bob Houston." (Mem. of Hearing at 2, ECF No. 145.) I added, "In light of that it appears that I best can hold in abeyance the Motion for Protective Order, ECF No. 134. Depending on the activity or lack of activity regarding the mail handling, the motion should be ready for resolution by April 1, 2012, or be declared moot." Id.

No further issues or problems regarding the handling of the death row inmates' mail have been brought to my attention. I find, therefore, that the death row inmates' motion is now moot.

**IT IS ORDERED** that the death row inmates' motion for a protective order, ECF No. 134, is denied without prejudice.

Dated May 2, 2012

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge