IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN RUST, CHARLES J. PALMER, PETER HOCHSTEIN, STEVEN HARPER,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANK GUNTER, Individually and as Director of Correctional Services; CHARLES BLACK, Individually and as warden of Nebraska State Penitentiary; CHARLES HOHENSTEIN, Individually and as Legal Aid Coordinator; JOHN P. SHAW, Individually and as Associate Warden, Programs; TERENCE B. CAMPBELL, Individually and as Legal Aid Coordinator; JOHN T. EGGERS, Individually and as Housing Unit Manager; MARIO PEART, Individually and as Unit Administrator; HAROLD W. CLARKE, Individually and as Associate Warden, Custody; GARY GRAMMER, Individually and as Warden of the Nebraska State Penitentiary; and FRED BRITTEN,<br><br>Defendants. | CASE NO. 4:84CV712<br><br><br><br>ORDER |

This matter is before the Court on the Motion for Reimbursement from the Federal Practice Fund (Filing No. 160) filed by Plaintiff's counsel, Michael J. Wilson. Plaintiffs' counsel seeks reimbursement of $975.07. He has summarized the expenses for which he seeks reimbursement, as follows:

| | | |
|---|---|---|
| 1. | October 7, 2011, Depositions | $500.00[1] |
| 2. | October 18, 2011, Depositions | $279.80 |

---

[1] Plaintiffs' counsel represents that he incurred $606.95 in deposition expenses prior to October 17, 2011. He states that he seeks reimbursement for only $500.00 of the $606.95 incurred because he had not obtained prior Court authorization when he incurred those expenses that took his total expenses over $500.00.

| | | |
|---|---|---|
| 3. | Nebraska Department of Correctional Services Copying Charges | $ 31.80[2] |
| 4. | Discovery Copying Charges | $ 35.55[3] |
| 5. | Postage for Client Correspondence | $127.92[4] |
| | TOTAL: | $975.07 |

Plaintiffs' counsel has submitted invoices evidencing that those expenses have been incurred. (*See* Filing No. 161.)

The Court appointed Mr. Wilson to represent the Plaintiffs in this matter on December 15, 2010. (Filing No. 116, ¶ 1.) When appointing Mr. Wilson to represent the Plaintiffs, the Court ordered that payment of the Plaintiffs' "litigation costs and attorney fees . . . be paid from the Federal Practice Fund under the restrictions set out in the Amended Plans for Administration of the Federal Practice Fund and the Federal Practice Committee District of Nebraska (As of July 15, 2008)."[5] (Filing No. 116, ¶ 2.) On October 12, 2011, Plaintiffs' counsel applied for advance authorization to incur expenses in excess of $500.00, representing that he "determined that he must depose numerous current and former Nebraska Department of Correctional Services (NDCS) employees." (Filing No. 131.) On October 17, 2011, the Court authorized Plaintiffs'

---

[2]"Subsequent to October 17, 2011, counsel for the Plaintiffs incurred costs of $31.80 for copies made at Tecumseh Correctional Institution. Counsel paid NDCS $31.80 by check." (Filing No. 160, at ¶ 6 (citing Ex. 3); *see also* Filing No. 160-3).)

[3]"Subsequent to October 17, 2011, counsel for Plaintiffs incurred costs of $35.55 for copies of discovery responses. Counsel paid Legal Imaging Solutions $35.55 by check." (Filing No. 160, at ¶ 7 (citing Ex. 4); *see also* Filing No. 160-4.)

[4]"Subsequent to October 17, 2011, counsel for Plaintiffs incurred the following postage costs for documents mailed to Plaintiffs: $21.10 (12-16-11), $9.68 (12-28-11), $14.28 (1-12-12), $2.16 (1-17-12), $15.05 (1-24-12), $6.85 (1-26-12), $10 (1-30-12), $10.30 (1-31-12), $4.95 (2-17-12), $7.15 (3-1-12), $7.15 (3-23-12), $7.15 (4-4-12), $7.15 (5-3-12), $4.95 (5-25-12)." (Filing No. 160, at ¶ 8, (citing Ex. 5); *see also* Filing No. 161-5.)

[5]The Amended Plans for Administration of the Federal Practice Fund and the Federal Practice Committee is made available at: http://www.ned.uscourts.gov/attorney/federal-practice-committee.

counsel "to incur expenses of $2000 for court reporting and transcription services in addition to the expenses of $500 already authorized under Section VI-E of the Amended Plans for the Administration of the Federal Practice Fund and Exhibit A attached thereto." (Filing No. 132.)

As Plaintiffs' counsel acknowledges, to receive reimbursement for reimbursable expenses that take the total amount of reimbursable expenses incurred over $500.00, counsel must obtain advance approval from the Court. "Counsel will not receive reimbursement for expenses incurred before receiving prior authorization." *See* Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee, Attachment A, ¶ 1.b.

Plaintiffs' counsel will be reimbursed for $500.00 of reimbursable expenses incurred prior to October 17, 2011, because he did not need prior Court authorization to incur those expenses to receive reimbursement for them. Plaintiffs' counsel will also be reimbursed for the $279.80 in deposition expenses incurred with respect to the October 18, 2011, depositions because he received prior Court authorization for those expenses. Plaintiffs' counsel will not, however, be reimbursed for the expenses relating to copying charges and postage for client correspondence, because the Court's pre-authorization of expenses in excess of a total of $500 from the Federal Practice Fund referred only to "court reporting and transcription services." Of course, nothing will prevent Plaintiffs from seeking an award that includes such expenses in the event that Plaintiffs are prevailing parties at the conclusion of the litigation.

3

Accordingly,

IT IS ORDERED:

1. The Motion for Reimbursement from the Federal Practice Fund (Filing No. 160) filed by Plaintiff's counsel is granted, in part, as follows:

   > Total expenses are ordered reimbursed
   > in the amount of $779.80; and

2. A copy of this Order shall be provided to Pat Williamson of the Clerk's Office so that he may make arrangements for payment from the Federal Practice Fund, and appropriate bookkeeping entries.

Dated this 21st day of August, 2012.

        BY THE COURT:

        s/Laurie Smith Camp
        Chief United States District Judge