IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN RUST, CHARLES J. PALMER, PETER HOCHSTEIN, and STEVEN HARPER,<br><br>        Plaintiffs,<br><br>vs.<br><br>FRANK GUNTER, Individually and as Director of Correctional Services; CHARLES BLACK, Individually and as warden of Nebraska State Penitentiary; CHARLES HOHENSTEIN, Individually and as Legal Aid Coordinator; JOHN P. SHAW, Individually and as Associate Warden, Programs; TERENCE B. CAMPBELL, Individually and as Legal Aid Coordinator; JOHN T. EGGERS, Individually and as Housing Unit Manager; MARIO PEART, Individually and as Unit Administrator; HAROLD W. CLARKE, Individually and as Associate Warden, Custody; GARY GRAMMER, Individually and as Warden of the Nebraska State Penitentiary; and FRED BRITTEN,<br><br>        Defendants. | CASE NO. 4:84CV712<br><br><br><br>ORDER |

      This matter is before the Court on the Motion for Attorney's Fees from the Federal Practice Fund (Filing No. 164) filed by Plaintiff's counsel, Michael J. Wilson. Mr. Wilson has filed an index of evidence and affidavit in support of his Motion. (Filing Nos. 165, 166.)

      Mr. Wilson was appointed by Senior U.S. District Judge Warren Urbom on December 15, 2010, to represent certain plaintiffs in this action, and Judge Urbom noted that "payment of litigation costs and attorney fees shall be paid from the Federal Practice Fund under the restrictions set out in the Amended Plans for Administration of

the Federal Practice Fund and The Federal Practice Committee District of Nebraska (As of July 15, 2008)." (Order, Filing No. 116 at 1-2.)

On February 6, 2013, Judge Urbom entered an Order indicating that, after examining Mr. Wilson's affidavit in detail, he found "it reasonably shows that Mr. Wilson accumulated 191.3 hours of service in representing the designated clients" in this case, and deemed it appropriate that Mr. Wilson receive a reasonable fee for his 191.3 hours of service. (Filing No. 163 at CM/ECF p. 2.) Judge Urbom also noted that Mr. Wilson "has said that he 'took the case for the experience, not for the money, so I am flexible as to how much I request in attorney's fees or if I request any attorney's fees at all.'" (Mem. and Order, Filing No. 163 at 2.)

Judge Urbom referred the matter to the undersigned pursuant to the Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee, and recommended that Mr. Wilson "be paid from the Federal Practice Fund a fee of $100 per hour, totaling $19,103.00." (*Id.*)[1] The July 15, 2008, version of the Federal Practice Fund Plan provides at III.A.:

> Regarding indigent litigants, the Fund may be used to pay the costs of litigation (including mediation expenses) and attorney fees for court appointed counsel when appropriated funds are not available for such purposes. Except as otherwise determined by the chief judge in special cases, counsel appointed by any judge of this court to represent an indigent litigant shall be entitled to a fee of up to $2,000, at the discretion of the assigned district or magistrate judge, to be paid from the Fund.

The current version of the Plan provides the same guidance at section II.A.1.a.

---

[1] The order contains a transposition of numbers, and the total should read "$19,130.00."

2

While the undersigned recognizes that Mr. Wilson spent 191.3 hours working on this case; that his services are worth $100 per hour; and that a fee of $19,130.00 would be appropriate compensation for such services in ordinary circumstances; it is not the purpose of the Federal Practice Fund to compensate court-appointed lawyers in full for their work representing indigent plaintiffs in civil litigation.  Under 42 U.S.C. § 1988, plaintiffs who prevail in such civil rights litigation may receive an award of attorney's fees, resulting in full compensation for their attorneys, and providing an incentive for lawyers to accept meritorious civil rights cases.  Here, Mr. Wilson accepted an appointment at the request of the Court,[2] and his clients were not prevailing parties. Under such circumstances, limited compensation through the Federal Practice Fund is available to cushion the sacrifice made by court-appointed counsel.

The undersigned does find that this is a "special case" as contemplated in the Federal Practice Fund Plan, and that it is appropriate to exceed the standard $2,000.00 stipend.  The case is an old one, with a lengthy record, and counsel was required to spend an extraordinary amount of time reviewing the record, as well as meeting with his clients, to become acquainted with the history of the case and the merits of the claims. Accordingly, compensation from the Federal Practice Fund in an amount three times the ordinary stipend will be authorized.  Mr. Wilson also has the sincere gratitude of the judges of this court for his service.

---

[2] In *Mallard v. United States District Court,* 490 U.S. 296 (1989), the United States Supreme Court found that the Eighth Circuit had overstepped its bounds under 28 U.S.C. § 1915(d) by requiring an unwilling attorney to represent an inmate in a civil action.  As a result of that decision, district judges may *request* lawyers to represent inmate plaintiffs in civil rights cases, but are without power to require a lawyer to accept such an appointment.

3

IT IS ORDERED:

1. The Motion for Attorney's Fees from the Federal Practice Fund (Filing No. 164) filed by Plaintiff's counsel, Michael J. Wilson, is granted in part, as follows:

> Michael J. Wilson is awarded from the Federal Practice Fund a fee totaling $6,000.00 for his service in this case; and

2. A copy of this Order shall be provided to Pat Williamson of the Clerk's Office so that he may make arrangements for payment from the Federal Practice Fund, and appropriate bookkeeping entries.

Dated this 11th day of February, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge